Maximilian Moss, S.
The successor trustee has filed an intermediate account of the trust created for the benefit of Edith N. Wolf, formerly known as Edith N. Scott, and seeks construction of the will to determine the manner of distribution of that portion of the corpus of -such trust which was added to the said trust on the death of testator’s widow.
The testator died April 10, 1920. He was survived by his widow, who died on September 8,1928, two sons, John S. Nugent, Jr., and Donald Haight Nugent, and his daughter Edith N. Scott. Edith N. Scott died October 2, 1960 survived by her daughter, Janet Scott Peabody.
Under article “ VIII ” of his will testator created four trusts, each of one fourth of his residuary estate; one for the benefit *1027 of Ms widow and one for the benefit of each of his three children. Subdivision (a) of said article created a trust for his widow during her lifetime and on her death the principal of said trust fund was to be divided ‘ ‘ into as many equal parts as there shall be trust funds then held under this my Will, to add one such part to the principal of each fund then so held in trust, the same to be thereafter subject to the provisions made herein with respect to the said fund.”
Subdivision (b) created a trust for testator’s daughter, Edith N. Scott, during her lifetime and provided on her death for the continuance thereof for the benefit of the testator’s granddaughter, Janet Scott (now Peabody), with remainder upon latter’s death to her issue, and in default thereof “ to those persons who, according to the laws of New York, as then enacted, would have been entitled to the same had I died at that date, intestate.” Under the provisions of subdivisions (c) and (d) the principal of each of the trusts created for testator’s two sons was paid to them on attaining 25 years of age. Upon the death of the widow, one third of the corpus of her trust was added to each of the other three trusts.
Subdivision (f) of said article “ VIII ” directed that the provisions thereof were subject to the limitation that “ after the corpus, or any thereof, of any of the trusts hereinbefore created shall have been held in trust during a period of two lives, and under the foregoing provisions and directions of my Will would be held in trust for a further period, I hereby direct that the same, on the death of the second equitable tenant, shall immediately be divided, distributed, transferred and paid over to the person or persons for whose benefit it would otherwise have been continued in trust, and I so give, devise and bequeath the same.”
That portion of the principal of the trust for the widow which on her death was added to the trust created for her daughter, Edith N. Scott, had on the latter’s death already been suspended for two lives in being and may not be further suspended (Real Property Law, § 42; Personal Property Law, § 11, in effect at testator’s death). The will by the language of subdivision (f) of article “ VIII ” contemplated the present situation and made provision therefor. The court holds that said portion of the trust passes thereunder to testator’s granddaughter, Janet Scott, now known as Janet Scott Peabody, the secondary life beneficiary of the trust created for her and her mother. The language of the said subdivision is not ambiguous, the intent of testator as expressed therein is clear (Matter of Villalonga, 6 N Y 2d 477, 482; Matter of Rollins, 271 App. Div. 982, affd. *1028 297 N. Y. 612) and the court may not disregard such intention (Matter of Watson, 262 N. Y. 284).
The court commends the scrivener of the will for the inclusion of subdivision “ (f) ” of article “ VIII ”. It is an example of excellent draftsmanship and admirably illustrates the lawyer’s duty to his client to contemplate every conceivable situation and to record the testator’s intention in respect thereof in order that there be an orderly devolution in accordance with the testator’s expressed wish.